### HERMAN C. FISHER & another *vs.* SALOME SARGENT.

In an action for goods sold, the jury may allow interest on the account, upon proof of a custom among merchants to charge interest in similar cases, with the knowledge of the defendant thereof.

ASSUMPSIT for goods sold and delivered. The only question was, the right to recover interest. The plaintiffs were traders in Boston, and at the trial, offered testimony tending to prove a custom among merchants and traders in Boston, to charge interest on their accounts after a credit of four or six months; and that the usual credit for such goods was four or six months; but offered no evidence as to the credit given in this particular transaction; or that payment had been demanded.

The presiding judge, of the court of common pleas, *Mellen,* J. ruled, that the jury might, upon the foregoing evidence, allow interest after six months from the time of the sale, which they did. The defendant alleged exceptions.

The case was argued and decided as of the October term, 1851.

*I. W. Beard & M. G. Howe,* for the defendant.

*T. Wentworth,* for the plaintiffs.

BIGELOW, J. The only question presented by the bill of exceptions in this case is, whether, upon the evidence reported, it was competent for the jury to find a verdict for the plaintiffs, allowing them interest on their account.

Ordinarily, in the absence of any evidence of usage, or of a

special agreement between the parties, interest cannot be re-
covered upon an open running account for goods sold and
delivered, when there was no specific term of credit agreed on
between the parties. This is the general rule ; but it may be
aried by proof of the usage of a particular trade or business
to charge interest after the expiration of a certain period. In
such cases, parties having knowledge of the usage are pre-
sumed to contract with reference to it, and will be as much
bound by it, as if it entered specially into the agreement of
bargain and sale. Such usage may be shown by proof of the
practice among merchants and traders, generally, in a town or
city, or by evidence of the mode of dealing in a particular
branch or class of trade. 2 Greenl. Ev. § 251; *Loring* v.
*Gurney,* 5 Pick. 15 ; *Esterly* v. *Cole,* 3 Comst. 502.

It is undoubtedly true, that in order to render the usage of
a particular trade or place binding upon a party, so as to make
it part of a contract, it must be made to appear that it was
known to the party who is to be affected by it. But this
knowledge may be established by presumptive, as well as by
direct evidence. It may be inferred from the uniformity and
long continuance of the usage, from the fact that a party has
for some time been in the particular trade to which it relates,
from the previous dealings between the parties, or from any
other facts tending to show its general notoriety. Whether
such knowledge exists in any particular case is a proper ques-
tion for a jury. In the case at bar, there was evidence tend-
ing to prove the usage, and its knowledge by the defendant,
from which it was competent for the jury to infer a contract
to pay interest on the articles, as charged by the plaintiffs.
This question was submitted to the jury with instructions
which are not reported, and which we are to presume to have
been correct; a verdict having been rendered upon evidence
properly submitted to the jury, from which it was competent
for them to find a verdict for the plaintiffs, that verdict cannot
be revised on a bill of exceptions. If it was against evidence
or the weight of evidence, the remedy of the defendant was
by a motion for a new trial. *Exceptions overruled.*